## JACKSON v. JONES.

1. One of two partners, who has made a usurious contract without the knowledge of his co-partner, is a competent witness for his co-partner, when sued upon a contract he had individually made with the creditor, in which the usurious contract is merged, the partner who is sued having released the other.

2. When notes are executed reserving usurious interest, if afterwards new notes are executed, and any interest is computed on the old notes, and carried into the new, it would render the new notes usurious, and under the statute, void as to the interest.

3. The borrower is a competent witness under the statute, to testify to the fact of usury; but he cannot give evidence of a distinct, and independent fact, and then prove the usury by other witnesses.

Writ of Error to the Circuit Court of Dallas. Before the Hon. E. Pickens.

THIS was an action of assumpsit, brought by the plaintiff in error, against the defendant on a promissory note. At the trial, a bill of exceptions was sealed by the judge, which discloses the following facts: The defendant, and one Ferrand, were partners in trade, and during the continuance of the firm, Ferrand, who superintended the business, borrowed of the plaintiff, the sums of money for which he executed the notes of the firm, with a verbal agreement, that the plaintiff should be paid five per cent. a month by way of interest, for the use of the money. The notes however were given for the sums actually lent. Jones the defendant, resided in Dallas county, and knew nothing of the loan or the contract. The interest on the notes, at the rate of five per cent. per month, was paid by Ferrand, from the date of the notes up to August, 1843, and was indorsed, "interest paid up to date." The interest was paid for some twelve or fourteen months. These facts were deposed to by Ferrand, who had been released by the defendant Jones, from all claim and liability on account of the notes executed by him, in the name

16

of the firm of Jones & Ferrand, to the plaintiff. To the admission of the testimony of Ferrand the plaintiff objected, but the court overruled the objection, and the plaintiff excepted. The defendant then offered himself as a witness, under the statute, to prove that the note sued on was usurious. He offered to swear to these facts : That the note sued on was given in payment by him for the two notes executed to the plaintiff by Jones & Ferrand, and referred to in the deposition of Ferrand ; that interest at the rate of eight per cent. was cast upon the two notes, from the time the last indorsement of the payment of interest was made on them, up to the date of the note sued on, and the two notes, together with eight per cent. by way of interest, were included in the note sued on ; that he was a partner in the firm of Jones & Ferrand, but did not know of the usurious character of the notes at the time he took them up, and gave his individual note for them.

The plaintiff objected to the defendant's giving evidence of these facts, upon the ground that he could only swear to the facts that constituted usury; but the objection was overruled, and the plaintiff excepted. On these facts the court charged the jury, that if there was an usurious agreement between Ferrand and the plaintiff, by which Ferrand was to pay, and did pay, at the rate of more than eight per cent. per annum for said loan, and if, when Jones executed the note now sued on, any interest, whether at the rate of eight per cent. or more, was for any time calculated on the two notes, and the amount carried into the note sued on, then the defendant was entitled to have this amount deducted from the note sued on, and they would be authorized to find for the plaintiff, only the amount due on the face of the two notes, at the time of the settlement, exclusive of interest, and could not allow the plaintiff any interest on the note sued on. That if Ferrand borrowed of the plaintiff the amount of the two notes, and if it was agreed between the plaintiff and Ferrand, that Ferrand was to pay him, and he did pay him, a note, of interest exceeding eight per cent. therefor, and the note sued on was given for said two notes, and any interest whatever was computed on said two notes, and this interest was carried into the new note of Jones, now sued on, that

the plaintiff could only recover the amount of the face of the two notes given by the firm, deducting from the note sued on, the interest carried into it.   To which charges the plaintiff excepted, and these several matters are here assigned for error.

EVANS, for the plaintiff in error.

1. It is a general rule of evidence, that if the effect of the witness's testimony is to increase or diminish a fraud in which he may participate, he is incompetent.   2 Phillips, (Hill & Cow. Notes,) p. 114, n. 108-118; Powell v. Powell, 7 Ala. 582; Wood v. Williams, 9 Johnson, 123.   A partner is not competent for his co-partner. This is an interest which the defendant cannot effectually remove by a release. 1 Phillips's Ev. 59, 60; 2 Id. 104, note 111.

2. The party to the *transaction* or *borrower* only is allowed to testify, and then only to the *fact of usury.*   If he is not the *party* to the usurious contract, he is inadmissible.   Clay's Dig. 590, § 5; Paul v. Meek, 6 Ala. 756; Wilson v. Walker, 3 Stew. 211.

3. Usury, when paid, cannot be recovered back.   Carlisle v. Graggs & Gray, 10 Ala. 302.

4. To constitute usury, there must be a corrupt agreement, and like every other contract, requires the concurrence of both parties, and joint participation in the usurious interest.   One must contract to pay, and the other to receive usury, and this must be done with corrupt or unlawful intent to violate the statute.   Smith v. Beach, 3 Day, 268; Chitty on Bills, 100.

5. And it can be avoided only, between the original parties, or when the suit is on the instrument itself.   Jackson v. Henry, 10 Johnson, 185; Dix v. Van Wick, 2 Hill, 522; Cook & Kornegay v. Dyer, 3 Ala. 643.

6. Although a *substituted*, given for the usurious security, is affected with the taint of the original contract, yet a *second bill given to raise money* to pay a former *usurious* one is valid.   Chitty on Bills, 108, 109; Cram v. Hendricks, 7 Wend. 569; 2 M. & S. 632.   So too if usurious securities are destroyed by mutual consent, and the borrower promise to pay the principal and interest, it is binding.   Barnes v.

Hedly, 2 Taunt. 184, 41; Kilburn v. Bradly, 3 Day, 356; Batesford v. Stanford, 2 Con. 276; McClure v. Williams, 7 Vermont, 210; Head v. Ward, J. J. Marshall, 280; Fowler v. Garrett, J. J. Marshall, 681; Chadburn v. Wells, 10 Greenleaf, 121.

7. The giving the note in this case was equivalent to the *purshase* or payment of the original notes, and the only question is as to the *consideration*, and the consideration is sufficient. Barnes v. Hedly, 2 Taunt. 188; Hill v. Atkins, 2 Cowper, 289. Our statute of usury, unlike the English and other statutes, does not *avoid* the contract—the principal is always recoverable.

LAPSLEY, contra.

All the questions arise on the bill of exceptions.

1. Did the giving of the new note by Jones, preclude him from setting up the defence of usury? The authorities say, the new notes can be purged of the usury only by an express agreement to do so; and the payment or deduction of the usurious interest already received. It is not pretended that this was done in this case, and the proof shows that it was not done. See Warren v. Crabtree, 1 Greenleaf, 167; Campbell v. Gill, 4 J. J. Marshall, 48; Chit. on Con. 6th Am. ed. 706; Tate v. Wellings, 3 Term R. 531, and cases in note; Jackson v. Packard, 6 Wend. 415; Bridge v. Hubbard, 15 Mass. 96; Grimes v. Schreem, 6 Monroe, 553.

2. Was Jones competent to testify as he did, in order to establish the usury? He was competent to make the whole proof; certainly he was competent to make an indispensable part of it. The *only fact at all material* stated by Jones, and which was an indispensable fact in the proof of usury, was the simple fact that the new note sued on, was given for the old notes of Jones & Ferrand, which other testimony showed was usurious. This fact, if true, might have been admitted; if not true, the plaintiff could have controverted it by his own oath. Clay's Dig. 590, § 5; Paul v. Meek, 6 A. R. 753; Palmer v. Severance, et al. 8 A. R. 53.

3. Was Ferrand a competent witness for the defendant? See Hill & Cowen's Notes on Ph. Ev.; Bagley v. Osburn, 2 Wend. 527; 4 Phillips' Ev. Supplement, 1337; Lifferts v.

Demott, 21 Wend. 138.  Any interest Ferrand might have,
if it be contended he had any after the release, would be too
uncertain, remote and contingent.  Interest, to disqualify,
must be *direct;* not remote or contingent.  1 Greenleaf Ev.
134, § 389, 390.

4.  If the question should be raised by the record, whether
the usurious interest paid on the original notes should have
been deducted from the sum for which Jones gave his own
note ; in affirmance of the proposition, the following authori-
ties are referred to.  Winkler v. Scudder, 1 Kelly's Ga. R.
135 ; Rockley v. Pearch, 1 Id. 241 ; Kay v. Fowler, 7 Mon-
roe, 596 ; Lollard v. Field, 1 J. J. Marshall, 278 ; Bartlow
v. Bond, 3 Dana, 595 ; Cruther v. Trabue, 5 Dana, 81 ; Bly-
denburgh on Usury, 191, 193.  But it is believed this ques-
tion is not presented in this case.  It is certain, the usurious
interest paid was not deducted in any way.

DARGAN, J.—The first question presented by the assign-
ment of errors, is, whether Ferrand was a competent witness,
after he was released from all liability or claim by Jones, on
account of the two notes executed by him to the plaintiff, in
the name of the firm of Jones & Ferrand, and which formed
the consideration of the note sued on.  We are not able to
perceive what interest Ferrand had in the suit, after the exe-
cution of the release.  The firm notes had been taken up by
Jones, he giving his individual note in payment of them.
Jones had the right to demand of Ferrand his proportion of
those two notes, because they were partnership notes, and
had been paid by Jones individually.  But if Jones releases
Ferrand from his liability to account for his part of those two
notes, he surely can have no interest in the suit, for he is dis-
charged by Jones from all claim, and Jones has paid the
partnership debt.  If he has any interest, it is rather on the
side of the plaintiff, than the defendant who called him ; for
if the note sued on is not recovered, his liability on the two
old notes may be revived in favor of Jackson, the plaintiff :
but if the plaintiff recovers in this suit, the witness is dis-
charged from all liability whatever.  It was said however, in
the argument, that by defeating the note sued on, the divi-
dend to be divided between the partners, would be increas-

ed; but this is not so. By the release Jones executed to Ferrand, the debt, which was a firm debt, becomes the individual debt of Jones, and if there be a dividend, it will be divided as if this debt had never existed, or as if it had at all times been the individual debt of Jones, and for which the firm was never liable. Ferrand can therefore have no interest, being released, in defeating the note sued on; but might have an interest in enforcing its payment, to prevent the revival of his liability to Jackson upon the notes, which were the consideration of this note.

Nor can we perceive any error in the instructions given by the judge to the jury. By the act of 1834, Clay's Dig. 591, usury avoids the entire interest, both the legal and illegal, agreed to be paid; but the principal actually lent is recoverable. The charge of the court clearly conveyed to the jury, this idea, if they came to the conclusion, that the original notes were usurious, and that the note sued on was given in lieu of them, and any interest was computed on the old notes, and carried into the new note, then the note sued on was usurious, and that they could not allow any interest at all, but the amount of the recovery, must be confined to the amount expressed in the face of the original notes, which was the amount actually lent.

It is certainly the law, that merely giving a new security, will not purge the taint of usury, if it existed in the original contract. But if the usurious contract was abandoned, and the parties agree that the principal, and lawful interest shall only be paid, then the consideration of the loan, would support this promise: or, in other words, the contract would be purged of the usury. See 6 Wendell, 415; 15 Mass. 96; 6 Monroe, 553; 10 Wheaton, 367. But here there was no contract, or extension to purge the original contract, of the offence of usury. Jones did not know that the contract was usurious; the usurious interest had been paid, and the defendant agreed to pay the principal debt, and lawful interest, not knowing that he was not bound to pay the interest, for he did not know of the usury. The plaintiff knew it, but it does not appear that it was disclosed to Jones. Under such circumstances, it cannot be said that Jones agreed to purge the original contract, of the usury that attached to it, or ex-

isted in it.   But we come to the conclusion, that the court erred in permitting Jones, the defendant, to testify that the note sued on, was given in lieu of the two notes of the firm of Jones & Ferrand, to the plaintiff, and on no other consideration.

.By the statute, the borrower, or party to the usurious contract, is a competent witness to prove the offence of usury, unless the party will deny under oath, the statement of facts, to which the borrower proposes to testify.   See Clay's Dig. 590.   But to authorize the party to testify, he must propose to give evidence of the offence of usury, or that the contract was usurious; if he does this, he may state all the attendant circumstances, that will show the offence to be complete. See 6 Ala. R. 753; 8 Ala. R. 53.   But he is not permitted by the statute, to give evidence of a distinct, and independent fact only, and then to prove the offence by other witnesses. He is rendered competent by the statute to prove the offence, and if he cannot testify to the offence, the statute does not render him competent to testify to any other distinct matter.   Here the defendant was not offered to prove the offence, but the offence was proved by a witness.   The defendant knew nothing of it of his own knowledge, but he was permitted to connect the offence thus proved, with the note on which he was sued.   In this the court erred, and the consequence is, that the judgment is reversed, and the cause remanded.