## JONES v. JACKSON.

1. When one partner, without the knowledge of the other, borrows money at usurious interest, and executes a note in the name of the firm, and afterwards pays the usurious interest, and the other partner ignorant of the payment of the usury, executes his own note in *lieu* of the other, he cannot, when sued upon it, set up as a defence, the payment of usury by his partner.

Error to the Circuit Court of Dallas.

Asstmpsit by the defendant in error, on a promissory note executed by the plaintiff in error, before his Honor E. Pickens.

From a bill of exceptions it appears, the defendant proved that the note sued on was given for what appeared to be the balance due on two notes, made by the firm of Ferrand and Jones, composed of the defendant and Ferrand. One of the notes was for $880, dated 25th February, 1842, and due one day after, on which was indorsed, *interest paid to* 12*th August*, 1843. The other for $308 13, due 1st July, 1842, on which was indorsed credits to the amount of $272, and also *interest* paid to 12th August, 1843. That these notes were given for money lent, by Jones, to Ferrand, for the use of the firm, and at the time there was a verbal contract, that the notes should carry interest, at the rate of five per cent. per month; and that interest on the notes, at this rate was paid by Ferrand, up to the 12th August, 1843. The de-

fendant, Jones, had no knowledge of these facts, or of the payment of usury by Ferrand, but being threatened with a suit, executed his own note for what appeared to be due, supposing that legal interest only had been paid.

The defendant asked the court to charge, that as the contract between the plaintiff and Ferrand, acting for Ferrand & Jones, was usurious, the plaintiff could only recover the sum lent, without interest, deducting the amount paid and credited, and the amount paid for usurious interest. Which the court refused, and charged, that if Ferrand paid five per cent. a month as interest, on the amount lent, the amount so paid could not be applied towards the extinguishment of the principal. But if the five per cent. was paid without any stipulation that it was for interest merely, the jury might then regard the payment as a payment on the principal sum, and give credit accordingly. To this charge, and refusal to charge, the defendant excepted, and now assigns as error.

J. W. LAPSLEY, for plaintiff in error. There are but two questions which are presented by the bill of exceptions.

1. Was the note declared on usurious?

The notes for which this note was given, being usurious, this must be so of course. The new note could be purged of the usury, only by an express agreement, and the repayment or deduction of the usury which had been received. Warren v. Crabtree, 1 Greenl. 167; Chitty on Con. 6 Am. ed. 706; Tate v. Willings, 3 Term R. 531; Jackson v. Packerd, 6 Wend. 415; Campbell v. Gill, 4 J. J. Mash. 48; Bigelow v. Hubbard, 16 Mass, 96; Grimes v. Schreeve, 6 Mon. Ky. 553. The usury in this case was not deducted, nor did Jones know of the usury contracted for, or paid, until the new note had been given.

2. Ought the payments made on account of the usurious interest, to have gone in part discharge of the principal? I think so, certainly. See Winkler v. Scudder, 1 Kelly's Geo. R. 135; Rockley v. Pearch, Ib. 241; Kay v. Fowler, 7 Monr. 596; Lallare v. Field, 1 J. J. Marsh. 278; Bartlow v. Bonde, 3 Dana, 595; Crutcher v. Trabue, 5 Dana, 81; Blydenburgh on Usury, 191, 193.

G. R. Evans, for the defendant in error.

1. Though there seems to be some intricacy in the bill of exceptions, yet on examination it will be seen that the only question intended to be presented, is the right of Jones to have a deduction in this suit, equal to the amount of the alledged usurious interest paid by Ferrand to Jackson, on the old notes. Uusurious interest, when paid, cannot be recovered back. Carlisle v. Graggs & Gray, 10 Ala. 302.

2. The attempt of Jones indirectly to obtain in this suit, monies which neither he nor Ferrand could by law recover, cannot be sustained.

3. The question of usury, under the facts of this case, could not arise. Whatever Ferrand might do, if the facts show usury, Jones cannot take advantage of it.

4. The contract of usury, if it exists at all, is personal between Jackson and Ferrand. If Ferrand chooses to expend his money in payment of usurious interest, no other person can take advantage of it.

5. The character of the transaction is not changed by the fact, that Ferrand executed notes in the name of the firm. It is still the contract of Ferrand.

COLLIER, C. J.—Where a note tainted with usury is delivered up, and a new one substituted by the parties, not only the original but the substituted security is usurious; unless the contract under which the loan was made is so modified as to divest the transaction of the taint. Tate v. Wellings, 3 T. Rep. 537; Cuthbert v. Haley, 8 Id. 390; Fields et al. v. Gorham, 4 Day's Rep. 251; Botsford v. Sandford, 2 Conn. Rep. 276; Wales v. Webb, 5 Id. 154; Gibson v. Stearns, 3 N. Hamp. Rep. 185; Warren v. Crabtree, 1 Greenl. Rep. 167; Tuthill v. Davis, 20 Johns. R. 284; Bridge v. Hubbard, 15 Mass. Rep. 96; Powell v. Waters, 8 Cow. R. 669; Solomon v. Jones, Const. Rep. 144; Moncure v. Dermott, 13 Pet. Rep. 345. Although the borrower makes a note or other security for the amount of the loan only, and as a part of the contract, promises, either verbally or in writing, to pay usurious interest, the security given for the principal is affected by the taint, and obnoxious to the law against usury. Motte v. Dersett, 1 McC. Rep. 350; Willard v,

Reeder, 2 Id. 369; Bridge v. Hubbard, 15 Mass. Rep. 96; Atwood v. Whittlesey, 2 Root's Rep. 37; Swartwout v. Payne, 19 Johns. Rep. 294; Merrills v. Law, 9 Cow. 65; Clark v. Badgely, 3 Hals. Rep. 233. Butterfield v. Kidder, 8 Pick. Rep. 512, perhaps affirms a different rule; but it will be observed that it was influenced by the construction of a statute. We do not understand that these principles are controverted by the defendant in error, and shall therefore content ourselves by merely stating them.

The material question presented is, ought the payment of usury by Ferrand on the original notes, to go in extinguishment of the defendant's liability *pro tanto* on the note declared on? In Dunford v. Baritan, 5 Mart. Rep. 504, it was held, that if usurious interest has been paid, the defendant may, under the plea of payment, demand the deduction from the principal due, of the difference between the legal interest of *five per cent.* and the usurious interest paid. So it has been decided in Georgia, that usury taken on repeated renewals of a note, may be deducted from the principal. Thus where the plaintiff had two notes of the defendant, the one usurious and the other not. The defendant paid $1,800, with which the usurious note was extinguished; and a balance applied to the other, which was renewed at sixteen per cent. In a suit upon the last note, the court were of opinion that the usury paid upon the first could not be withdrawn, and applied as a credit under a plea of payment—remarking, that the general rule is, where there are distinct demands due from the debtor to the creditor, and a payment is made by the debtor, he has a right to direct its application; but if the debtor does not make a specific application of the money at the time of payment, then the creditor may apply it. *Further*, the usury which was paid on the extinguishment of the first note, might have been pleaded as a set off in the suit upon the last, or it might be sued for and recovered in a separate action against the plaintiff. Winkler v. Scudder, 1 Kelly's Rep. 108, 135. See also, Rockley v. Pearch, Id 241.

Neither of the cases cited are precisely analagous to the one before us. In the first case there does not appear to have been any change in the security, or modification of the contract after the payment of the usury: in the latter there

was a substitution of the original note by a new one, and although the action was brought on the substituted security, and it was held the usury paid would constitute a set off, yet it was rejected as a payment of the principal and legal interest. In Louisiana it has been since decided, that usurious interest once paid, cannot be recovered back, but whether this decision was induced by any change in the statute law of the State, subsequent to the case of Dunford v. Baritan, *ut supra*, we are not informed. See Flower v. Millaudon, 19 Lou. Rep. 185. The citations from 1 Kelly's Reports, explicitly asserts, not only that the usury paid would be an available set off, but might be recovered back in an action at the suit of the defendant. The Louisiana decisions may perhaps be reconciled with each other by reasoning something like this. Although it is the right of a party paying money to direct its application, and when his direction has been given, and the money received, he will be bound by it; yet if he makes a payment upon a usurious contract, to extinguish the illegal interest, leaving the principal either wholly or in part unpaid, he may afterwards insist that it shall be applied to reduce the principal. The change in the application in such case will be permitted, because the contract as to the usury being void the payment of it could be recalled before the security was cancelled, if the contract continued *in fieri*. But if usury could not be recovered back in an action by the borrower, it is difficult to perceive upon what ground it could be set off in an action by the lender upon the substituted security for the principal and lawful interest. By delivering up the original, and accepting the new note, some of the cases cited maintain that the borrower, in legal effect, is supposed to have paid the debt, and the payee to have lent his money again. In such case the borrower must be held to have relinquished his right to the usury paid, and he cannot have the benefit of it as a payment of the substituted security. In point of fact, it was not intended as a payment of the new note, and cannot be allowed as such.

In Carlisle and Graggs v. Gray, 10 Ala. Rep. 302, it was

decided that the act of 1819, which prescribes the rate of interest, and prohibits the taking of usury, impliedly abrogates the common law, which allowed the borrower to recover back in *indebitatus assumpsit* all the interest he he had paid above the rate prescribed. Since the passage of the statute, he can only maintain a *qui tam* action in such case; and then the amount recovered by him "shall be paid into the treasury, for the use of the State." It cannot be contended, consistently with this decision, that the defendant can be allowed as a payment, the usury paid by his partner on the original notes; and it is equally clear that it cannot avail him as a set off. A set off is in the nature of a cross action—the defendant becomes an actor, and if he cannot maintain an action in his own name upon the demand, he cannot set it off, at least when sued at law. The case last cited is conclusive to show that the borrower can only maintain a *qui tam* action, and that the amount recovered would go into the State treasury.

The fact that Ferrand, on account of himself and defendant as partners, borrowed the plaintiff's money, and the defendant was ignorant of the contract, and the payment of usury, when he gave the note declared on, cannot entitle the defendant to the benefit of the defence he seeks to make. One partner may borrow money upon the account of, and for the benefit of the firm, and a promissory note given in their joint name may be recovered. The original notes then, being given upon a legal consideration, were binding to the same extent on each of the individual partners, and the ignorance of the defendant cannot aid his defence; more especially as it was not induced by the fraud or other improper conduct of the plaintiff. See Story on Part. and citations in notes, 151.

Our conclusion is, that the judgment of the circuit court must be affirmed.