# 1st National Bank of Abbeville v. Clark.

*Bill to Redeem from Mortgage Sale.*

(Decided May 18, 1909.   49 South. 807.)

1. *Usury; Redemption; Usurious Interest.*—Section 4623, Code 1907, has abrogated the maxim that he who seeks equity must do equity, as applied to a mortgagor seeking to redeem where the mortgage was tainted with usury; in order to redeem under a mortgage tainted with usury, it is required that payment be made of the principal, together with the other statutory requirements.

2. *Banks and Banking; National Banks; Usurious Interests.*—It is only where usurious interest has been actually paid a national bank that the remedy by suit to recover twice the amount so paid is afforded by the statutes of the United States, so that where usurious interest has been charged but not paid, the penalty is forfeiture of the entire interest, and that is true under both of the United States Revised Statutes, and section 4623, Code 1907.

APPEAL from Henry Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by A. S. Clark against the 1st National Bank of Abbeville, to redeem from mortgage foreclosure, and setting up usurious interest. From a decree overruling a demurrer to the bill respondents appeal.   Affirmed.

ESPY & FARMER, for appellant.   The appellant being a national bank its rights are not affected by the provision of section 4623, Code 1907, and the case of *Barclift v. Field,* 145 Ala. 264, construing this section.— *Florence R. & I. Co. v. Chase National Bank,* 106 Ala. 369; *Slaughter v. 1st Nat. Bank,* 109 Ala. 160; *Nat. Bank v. Dearing,* 91 U. S. 29.   The respondent was entitled to legal interest.—*Lindsey v. U. S. S. & L. Co.,* 127 Ala. 369.   The National Banking Laws supply the only remedy by which one who promises to pay immediately can avoid a usurious contract.—*Barnett v. Nat.*

*Bank,* 98 U. S. 555; *Driesback v. Nat. Bank,* 104 U. S. 453; see, also, 111 U. S. 31; 85 Am. St. Rep. 531; 31 Am. Rep..; 206 U. S. 158; 21 A. & E. Ency of Law, 363.

FOSTER, SAMFORD & CARROLL, for appellee. It is only the penalty imposed by the statute of a state for the taking of usury that is excluded by the National Banking Laws.—*Slaughter v. 1st Nat. Bank,* 109 Ala. 160; *Florence, etc., v. Chase Nat. Bank,* 106 Ala. 369. The penalty which the National Bank Act prescribes is set out and discussed in the following case.—*National Bank v. Deering,* 91 U. S. 29. Our statute prescribes no penalty additional to that prescribed by the National Banking Act, but only adopts a rule of equity, or changes an equitable maxim. The proper construction of our rule will be found in the case of *Barclift v. Fields,* 145 Ala. 264. The allegations of the bill were sufficient to effect the equitable right to redeem.—*Wood v. Wood,* 134 Ala. 557; *Williams v. Harper,* 107 Ala. 246; *Whitney v. Dunham,* 89 Ala. 493; *Fields v. Helms,* 70 Ala. 460.

DOWDELL, C. J.—The bill in this case was filed in the chancery court of Henry county by the appellee, Clark, as a mortgagor, against the appellant, First National Bank of Abbeville, mortgagee, for the purpose of redemption of the mortgaged property before foreclosure, and at the same time, in the effectuation of that purpose, seeking to avoid the note secured by the mortgage as to the alleged usurious interest reserved therein by agreement of parties, and to abate the same. The bill was demurred to on the several grounds stated in the demurrer, and upon consideration by the chancellor the demurrer was overruled, and from this decree the present appeal is taken, and is here assigned as error.

In stating the question presented for our consideration, we will here quote from brief of counsel for appellant a statement of the facts as shown by the bill, and the point insisted on taken by the demurrer, which is as follows: "It is alleged (in the bill) that the consideration of said mortgage was $1,000 borrowed by the appellee from appellant on the date the mortgage was executed, with interest at 10 per cent. on said $1,000, and usurious interest which had been charged appellee by appellant on previous transactions had between them. In other words, it is alleged that there had been previous transactions between appellee and appellant prior to the date of the execution of the mortgage from which redemption was sought, and in these transactions appellant had charged appellee usurious interest, and that on the date of the execution of the mortgage appellee borrowed from appellant $1,000, and that the usurious interest on the previous transactions between appellee and appellant, the $1,000 loaned by appellant to appellee, and interest thereon at 10 per cent. on the date the mortgage was signed, constituted the sole consideration for the execution of the mortgage, and that appellee had paid the $1,000 he borrowed from appellant at the time the mortgage was given. * * *All of the grounds of demurrer seek to raise one and the same point, and that point is that appellee in his original bill did not offer to do equity, in that he failed to offer to pay any interest at all either legal or usurious."

The foregoing extract from brief of appellant's counsel fairly states the question raised by the demurrer to the bill. The argument made by counsel in support of the point taken by the demurrer is based upon the further fact, shown by the bill and pointed out in the demurrer, that the appellant, respondent in the bill, is a national bank, and as to the penalty of usury and the remedies applicable in such cases is subject exclusive-

ly to the banking laws of the United States.—*In Barclift v. Fields,* 145 Ala. 264, 41 South. 84, it was ruled by this court that the equitable doctrine of "he who seeks equity must do equity," as applied to a mortgagor when coming into a court of chancery for the purpose of redemption of the mortgaged property, where the contract was tainted with usury, requiring him to pay the principal debt with legal interest before he could obtain relief, was abrogated by Act March 4, 1901 (Gen. Acts 1900-01, p. 164), amending section 2630 of the Code of 1896, and which said section as so amended now constitutes section 4623 of the present Code of 1907.

It is insisted, however, that the statute as amended, and construed in *Barclift's Case, supra,* can have no application in the present case, as the responrent is a national bank, and the remedy here pursued is different from that provided for under the act of Congress as to usurious contracts with national banks; and in support of this insistence the cases of *Farmers', etc., Nat. Bank v. Dearing,* 91 U. S. 29, 23 L. Ed. 196, *Barnet v. National Bank,* 98 U. S. 555, 25 L. Ed. 212, and others of like import, both federal and state, among them two of our own cases, following the *Dearing Case,* are cited. Section 5197 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3493), relating to national banking associations, among other things provides that such associations shall not take, receive, or charge a greater rate of interest for the loan of money than that fixed by the state, territory or district in which the association is located. Section 5198, which relates to the penalty and remedy, reads as follows:

"The taking, receiving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or evidence of debt car-

ries with it, or which has been agreed to be paid there-on. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred. That suits, actions and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any state, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

It is to be observed it is only in cases where usurious interest has been actually paid that any specific remedy is prescribed by the statute, and in which event the party suing may recover back twice the amount so paid. The case of *Bank v. Dearing, supra,* and others following that one, cited and relied on by counsel, were cases where the interest had been actually paid, and a remedy different from that prescribed by the statute was sought to be applied. Such is not the case before us. Here we have a case where the usurious interest has been charged, but has not been paid. In such a case the statute prescribes no remedy. A penalty, however, is provided by the statute, and that is that the entire interest, when the same has been knowingly charged, shall be deemed forfeited. The penalty is the same as that provided for by our state statute (section 4623, Code 1907). So it is to be seen there is no difference in the penalty fixed by our statute and that fixed by the federal statute.

The statute which abrogated the equitable principle, a creation of the courts of chancery, that required the complaint to offer to do equity by paying or offering to

pay the principal debt, with legal interest, before obtaining relief in a case like the one before us, can in no sense be said to be a penalty imposed on account of usury, nor can it be said that the statute impairs any vested contract right.—*In Barclift's Case supra*, it was said: "There was no contractual right to recover any interest, and that was so because the contract, to the extent of all interest, was offensive to the policy and positive mandate of the law; nor was the authority of the court of equity to impose terms upon a borrower seeking its aid conferred by statute, nor exercised for the purpose of enforcing any contractual right"—citing *Lindsay v. United State Savings & Loan Co.*, 127 Ala. 366, 28 South. 717, 51 L. R. A. 393. It was said in the last-mentioned case that the power of the Legislature to prohibit courts of equity from applying the maxim above quoted in cases involving usury was not to be doubted. No case precisely like the one before us has been brought to our attention, and, indeed, counsel on both sides say that they have not been able to find such a case.

It is urged, however, by counsel for appellant, that the complainant should first pay to the respondent the usurious interest charged in the contract, and then avail himself of the remedy prescribed in the federal statute to recover it back in an action in the nature of an action of debt. Such a course would be opposed to the elementary principle that the law never requires the doing of a useless thing. It would seem, also, that a reasonable construction of the statute would forbid the imputation of an intention on the part of Congress to require the doing of an unnecessary thing.

Our conclusion is that the bill contains equity and the chancellor did not err in overruling the demurrer.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.