**COOLEDGE et al. v. COLLUM.** (6 Div. 91.)

(Supreme Court of Alabama. April 24, 1924.)

**1. Appeal and error ⟐⟐1040(7) — Appellant held not injured by ruling sustaining demurrers to pleas alleging matters proved under general issue.**

Where evidence of matters alleged in pleas demurred to was introduced under general issue, defendants were not injured by and could not complain of court's ruling sustaining demurrers as alleging matters provable under general issue.

**2. Usury ⟐⟐102(1)—Rule as to right to recover back usurious payments stated.**

Contracts to pay interest on loan of money at more than 8 per cent. per annum are voidable, under Code 1907, §§ 4619, 4623, as to usurious interest, which cannot be recovered back in assumpsit, without express promise to repay it, but valid as to principal, unless made in Jefferson or certain other counties, to which Loc. Acts 1900-01, pp. 2685, 2688, §§ 1, 5, 8, under which usurious payments on such contracts, which are declared void as to both principal and interest, may be recovered in assumpsit for money had and received without express promise to repay, applies.

**3. Trial ⟐⟐260(1)—Refusal of charge substantially and fairly given by court's oral charge not error.**

Refusal of charge substantially and fairly given by court's oral charge is not error, in view of Code 1907, § 5364, as amended by Acts 1915, p. 815.

**4. Trial ⟐⟐143—General affirmative charge refused where evidence is in sharp conflict.**

When evidence is in sharp conflict on material issues, court should refuse general affirmative charge with hypothesis.

**5. Trial ⟐⟐199—Charges held properly refused as leaving decision as to validity of contract to jury.**

Charges that plaintiff could not recover if contract under which he paid usurious interest was valid, and that usurious interest paid voluntarily on legal contract is not recoverable, held properly refused as failing to define valid or legal contract under Loc. Acts 1900-01, p. 2685, and leaving jury to pass on validity or legality of contract without reference to rules of law.

**6. Trial ⟐⟐295(5)—Charge as to invalidity of usurious contract held sufficient.**

Court's oral charge, including statement that usurious contract in Jefferson county by

one in business of lending money at greater than legal rate of interest is usurious and void, *held* sufficient compliance with statute (Loc. Acts 1900-01, pp. 2685, 2688, §§ 1, 5, 8), when considered as whole.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by Jeff Collum against A. H. Cooledge and another, composing the firm of the Southern Finance Company. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

D. D. Trimble, of Birmingham, for appellants.

Unsurious interest, paid voluntarily on an illegal contract, is not recoverable, in the absence of an express promise to repay. Gross v. Coffey, 111 Ala. 468, 20 South. 428; Carlisle & Gregg v. Gray, 10 Ala. 302; 4 Mayfield's Dig. 1055; 27 R. C. L. 269. Lending money at usurious rates of interest alone does not make the contract void or voidable. Acts 1900-01, p. 2685; Bullard Inv. Co. v. Ford, 18 Ala. App. 167, 89 South. 839.

Nesbit & Sadler, of Birmingham, for appellee.

Counsel cite, in support of the judgment, Ala. Brokerage Co. v. Boston, 18 Ala. App. 495, 93 South. 289; Bullard Inv. Co. v. Ford, 18 Ala. App. 167, 89 South. 837.

MILLER, J. This is a suit by Jeff Collum to recover of the Southern Finance Company, a partnership, and the individuals composing the firm, under the common counts for usurious interest paid by him on a loan made in violation of section one of an act known as the Money Lenders Act (Local Acts 1900-01, p. 2685).

There were two counts in the complaint, submitted to the jury: One was on account; and the other was for money had and received by defendant for use of the plaintiff. The cause was tried on general issue. The jury returned a verdict in favor of the plaintiff, and this appeal is prosecuted by the defendants from a judgment thereon by the court.

[1] Demurrers of plaintiff to pleas 4 and 5 were sustained by the court. The plaintiff demurred to each of the pleas, because the matters alleged were provable under the general issue. They were availed of, and evidence introduced to prove them under the general issue, and if the court erred in these rulings the defendants were not injured thereby, and cannot complain.

The evidence for the plaintiff tended to show that plaintiff borrowed from the defendants $50 in November, 1919, and agreed to pay them 10 per cent. interest for every

two weeks or $10 per month interest thereon, and transferred to them his salary from the Louisville & Nashville Railroad Company as security for the loan. He paid them $5 as interest on this loan every two weeks for 18 months; and six or seven times during the 18 months the principal was "cut," reduced down, by payments of from $5 to $10 thereon by the plaintiff. The evidence also tended to show that this was in Jefferson county, Ala., and defendants were engaged in the business of loaning money and taking security therefor by conveyances or mortgages on personal property or personal effects or other personal security, in Jefferson county. Every two weeks when plaintiff would pay the $5 interest on the $50, he would make a new application to sell his wages, which had been earned, and would transfer them in writing to the defendant. The evidence tended to show this was intended by the parties as security for the original loan and the $5 interest for the next two weeks. Copies of these two papers which plaintiff would sign are set out in the evidence and marked Exhibits "A" and "B." They do not state the interest charged, and they were not recorded.

The following is all the evidence offered by the defendant:

"My name is C. R. Dorsett, and I was employed as manager by the Southern Finance Company during the year 1921. I am familiar with their manner of doing business, and they are engaged [in] the business of buying earned wages and salaries. We require each one of our customers to sign a paper at each transaction in a separate and distinct transaction. Jeff Collum never did borrow any money from the company while I was manager. All the transactions that I had with Jeff Collum were represented by the two papers (Exhibits A and B) or similar transactions. We do not pay a license to lend money. * * * The Southern Finance Company is composed of A. H. Mauck and H. M. Cooledge."

[2] Contracts for the payment of interest upon the loan of money at a higher rate than 8 per cent. per annum are usurious and cannot be enforced, except as to the principal under our statute. Sections 4623 and 4619, Code 1907.

The contracts are not invalid and void, but voidable as to the usurious interest and valid and legal as to the principal; and usurious interest paid on such contracts cannot be recovered in an action of assumpsit, without an express promise to repay it. Code sections supra; Gross v. Caffey, 111 Ala. 468, 20 South. 428. However, a different principle applies to contracts for the payment of interest upon a loan of money at a usurious rate made in Jefferson county in violation of the Act of 1900–01, p. 2685. Such contracts are invalid and void as to the principal and usurious interest. Section 5 of the act provides that all contracts for the loan of money made in violation of this act shall be invalid; and section 8 of the act declares that any contract made for the loan of money in violation of this act shall be void. Any usurious payments made on such contracts, in excess of the principal and legal interest, may be recovered in an action of assumpsit, money had and received, without an express promise to repay it. 27 R. C. L. p. 269, § 72, headnote 14; Local Acts 1900–01, p. 2685, §§ 1, 5, and 8; Gross v. Caffey, 111 Ala. 468, 20 South. 428; Bullard Inv. Co. v. Ford, 18 Ala. App. 167, 89 South. 837; Carlisle v. Gray, 10 Ala. 302.

[3] The court did not err in refusing written charge 26, requested by the defendants. Its meaning is not clear; it is confusing and calculated to mislead the jury, and the principle of law attempted to be stated by it was substantially and fairly given to the jury by the court in its oral charge. Section 5364, Code 1907, as amended Acts 1915, p. 815.

[4] Written charge 4, requested by the defendant, was refused by the court. It was the general affirmative charge with hypothesis in favor of the defendants. The evidence is in sharp conflict on material matters in issue, and when this is the case the court should always refuse such a charge. McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135; Bullard Inv. Co. v. Ford, 18 Ala. App. 167, 89 South. 837.

[5] Charges 1 and 12, requested by defendants, were each refused by the court. They are as follows:

"(1) If the jury believe from the evidence that the contract under which plaintiff paid the interest he is attempting to recover was valid, then the plaintiff cannot recover."

"(12) I charge you, gentlemen of the jury, that under the law in the state of Alabama, usurious interest paid voluntarily upon a legal contract is not recoverable."

The court did not err in refusing these charges; they fail to define a valid or legal contract under this Act of 1900–01, p. 2685. They left it for the jury to decide and pass upon the validity or legality of the contract without reference to any rules of law. Bullard Ins. Co. v. Ford, 18 Ala. App. 167, 89 South. 837.

[6] The court in its oral charge to the jury stated:

"There is an act applicable to this county approved March 9, 1901, applicable to Jefferson, Morgan, Walker and Etowah counties which is a policy regulation; in other words, it undertakes to regulate the matter of persons who engage in money lending as a business and prescribe certain things, and things that are done in violation of that act are not only interdicted but the contract is pronounced void, and not voidable as was ordinarily the rule at one time before this act. In other words, a usurious act in Jefferson county by a man engaged in the business of lending money at great-

er than the prescribed amount for the forbearance of a loan in Alabama is usurious and void."

The defendants excepted to the last sentence in the above oral charge. The defendants cannot justly complain at this charge. It complies with the statute, when it is considered as a whole. Sections 1, 5, and 8 of Acts 1900-01, p. 2685; Bullard v. Ford, 18 Ala. App. 167, 89 South. 837; 27 R. C. L. p. 269, § 82, headnote 14, and authorities supra.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.