(82 South. 185)

JONES et al. v. MERIWETHER et al.
(2 Div. 683.)

(Supreme Court of Alabama. May 22, 1919.)

1. USURY ☞107 — PAYMENT OF MORTGAGE DEBT—TIME FOR SETTING UP DEFENSE.

Usury cannot be set up to show payment or satisfaction of a mortgage debt by proceeding subsequent to a regular and valid foreclosure, the statute not making usurious instruments void except as to interest, and usury being available only as a personal defense.

2. MORTGAGES ☞378 — EQUITY OF REDEMPTION—PLEADING.

The foreclosure of a mortgage in strict compliance with power cuts off the equity of redemption, and, where the regularity of the sale is not questioned by bill, it cannot be treated as one to enforce an equity of redemption.

3. MORTGAGES ☞616—REDEMPTION—COMPLIANCE WITH STATUTE.

The bill is faulty as one for a statutory redemption where it does not aver a compliance

with the requirement of Code 1907, § 5746 et seq., as to redemption, or any excuse for failure to comply with the statute.

Sayre and Thomas, JJ., dissenting.

Appeal from Circuit Court, Marengo County; Robert I. Jones, Judge.

Bill by U. S. Jones and others against Alice C. Meriwether and others. From decree rendered, complainants appeal. Affirmed.

W. F. Herbert, of Demopolis, and Mallory & Mallory, of Selma, for appellants.

William Cunninghame, of Linden, Henry McDaniel, of Demopolis, Pitts & Leva, of Selma, and Edward De Graffenried, of Tuscaloosa, for appellees.

ANDERSON, C. J. The majority are of the opinion that the decree of the trial court should be affirmed, and that the bill is wanting in equity. The bill primarily seeks a cancellation of the mortgage and foreclosure deed upon the theory that the mortgage was paid at the time of the foreclosure, and that said foreclosure was therefore abortive; or, secondly, to redeem in case said mortgage was not fully paid.

[1] As a bill for cancellation, the only averment of payment or satisfaction that the mortgage debt was paid is, in effect, that it would have been paid by the application of the usurious interest paid to the principal debt; in other words, that the interest previously paid was usurious, and, if applied to the principal, it would be "thereby paid." We do not think that the bill avers a payment of the mortgage indebtedness as the application of the usurious interest to the payment of same was only available to the mortgagor upon its appropriate and affirmative action before the contract became executed by a regular foreclosure sale under the power. We are not unmindful of a change in the statute relieving a debtor in equity as well as at law from having to do equity in order to avail himself of the plea of usury, but think that the claim should be set up and enforced before a foreclosure of the mortgage. Irby v. Commercial National Bank, 82 South. 478;[1] Tyler v. Massachusetts Mutual Ins. Co., 108 Ill. 58; Edgell v. Ham, 93 Fed. 759, 35 C. C. A. 584. Jones on Mortgages, vol. 1 (17th Ed.) § 646, discusses this question and cites certain authorities, permitting the defense of usury after foreclosure, if property is bid in by the mortgagee; but it must be observed that said section purports to deal with mortgages and instruments that are made void by statute if usurious. Our statute does not make usurious instruments void except as to the interest, but, of course, where usurious interest has been paid, the debtor could upon proper and timely applica-

tion, have it applied to the principal; but, as usury is available only as a personal defense to the debtor, and as our statute does not pronounce the transaction void in toto, it is but a just and salutary rule that the defense should be invoked before the contract becomes executed by virtue of a valid and regular foreclosure sale under the power.

The case of Barclift v. Fields, 145 Ala. 264, 41 South. 84, is in no sense opposed to the present holding as the bill there was filed before a regular foreclosure, and we would hold just as the court there held had the bill in this case been filed before the mortgage contract became executed.

Nor is the case of Drum & Ezekiel v. Bryan et al., 193 Ala. 395, 69 South. 483, in conflict with this holding. Neither the original opinion nor the one on rehearing expressly hold that usury could be set up to show payment or satisfaction of the mortgage debt by proceedings subsequent to a regular and valid foreclosure of the mortgage; and the only thing in either opinion which indicates such a thing is, perhaps, the statement of a movant's contention in the opinion responding to the rehearing. The court, however, did not decide this identical question, as it was not there necessary to a decision of the case against the mortgagor.

[2] The foreclosure of a mortgage in strict compliance therewith cuts off the equity of redemption; and, as the regularity of the mortgage sale in the case at bar is not questioned by the present bill, it cannot be treated as one to enforce an equity of redemption. In the case of Liddell v. Carson, 122 Ala. 518, 26 South. 133, the bill was primarily to cancel the mortgage, but set up as secondary thereto the right to enforce the equity of redemption, because the mortgagee purchased at its own sale without power in the mortgage authorizing him to do so. This, of course, showed the irregularity in the sale out of which an equity of redemption arose. In the present case there is no averment of any irregularity in the sale, and, while the mortgagee became the purchaser, the mortgage expressly authorized her to do so.

[3] The bill is also faulty as one for a statutory redemption, as it does not aver a compliance with the requirements of the statute (section 5746 et seq. of the Code of 1907), or any excuse for failing to do so. Burke v. Brewer, 133 Ala. 389, 32 South. 602; Henderson v. Hambrick, 129 Ala. 596, 29 South. 923; Drake v. Rhodes, 155 Ala. 498, 46 South. 769, 130 Am. St. Rep. 62.

The decree of the chancery court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and GARDNER, JJ., concur.

MAYFIELD, J., concurs in the result.

SAYRE and THOMAS, JJ., dissent.

SAYRE, J. (dissenting). The bill in this cause may be summarized as follows: It avers that complainants, as trustees for the African Methodist Episcopal Zion Church in America, executed a mortgage to the defendant John B. Meriwether; that the mortgage was usurious; that payments of interest have sufficed to discharge the principal debt secured; that the mortgage was assigned to the other defendant Alice C. Meriwether; that said Alice C. knew the first mortgage was usurious and continued to collect usurious interest under the new arrangement, which was a mere device to cover up usury; that about one year before the bill was filed Alice C. had foreclosed her mortgage, and, as she had a right to do under her contract, had become the purchaser at her own sale; that complainants were in possession, and had never been served with notice to deliver possession.

A majority of the court holds that the foreclosure cut off the right to have the payments of usurious interest applied in discharge of the mortgage debt—a proposition, I will say, that had not been asserted in the brief for appellees. I am of a different opinion. The Legislature found it hard to give effect to its will in the matter of usury. Lindsay v. United States Savings & Loan Co., 127 Ala. 366, 28 South. 717, 51 L. R. A. 393. But in the Code of 1907 it used this language:

"All contracts for the payment of interest upon the loan or forbearance of goods, money, things in action, or upon any contract whatever, at a higher rate than is prescribed in this chapter, are usurious, and cannot be enforced either at law or in equity, except as to the principal. Nor shall the borrower of money at a usurious rate of interest ever in any case in law or equity be required to pay more than the principal sum borrowed, and if any interest has been paid the same must be deducted from the principal and judgment rendered for the balance only." Section 4623.

And then this court said in a case involving usury:

"The contract stipulating for a greater rate of interest than 8 per cent. was tainted with an evil and wrongful intent. Hawkins v. Pearson, 96 Ala. 369, 11 South. 304. There was no contractual right to recover any interest, and that was so because the contract, to the extent of all interest, was offensive to the policy and positive mandate of the law."

And in logical conclusion the court said:

"The valid legal debt in this case was the principal sum borrowed and no more." Barclift v. Fields, 145 Ala. 264, 41 South. 84.

My judgment is that the court correctly interpreted the statute. Indeed, I am unable to see that it could have been interpreted otherwise. The court had held in a number of cases:

"The payment of the debt terminates the relation of the parties as mere mortgagor and mortgagee, and removes the incumbrance of the mortgage as such, and the contingency for the exercise of the power cannot thereafter arise. Payment extinguishes the power, and the mortgage becomes the same as if no such power had been included in it. If the mortgagee sells the property after the debt has been satisfied, he thereby offends the equitable rights of the mortgagor, which a court of equity will intervene to protect, by its injunctive power if invoked before the sale, or by vacating it if already made." Askew v. Sanders, 84 Ala. 356, 4 South. 167.

In Drum v. Bryan, 193 Ala. 395, 69 South. 483, complainant's bill was filed in a double aspect, just as this bill is, seeking: (1) To set aside a foreclosure sale of a mortgage, and to be allowed to redeem; and (2) to cancel the foreclosure deed as a cloud on complainant's title on the ground that the mortgage debt was fully paid when the foreclosure was had. The court repeated language used in former cases to this effect: A party cannot maintain a bill to remove a cloud on his legal title to land, unless he is in possession, and therefore cannot assert his title in an action at law. In that case complainant was not in possession. In this case the complainants are in possession. The court further said: If the bill be treated as one to redeem under the statute, more than two years have elapsed since the foreclosure of the mortgage under the power contained in it, and the right was therefore lost. In the present case two years had not elapsed when the bill was filed. But in that case also usury was charged along with other things, and the court, after great deliberation, repeated its language in a former decision as follows:

"If the mortgage was fully paid at the time it is alleged it was foreclosed, the attempted foreclosure was void."

I think the word should have been "voidable"; but appellees will not complain about that. Barclift v. Fields, supra, construing the act of 1901 (section 4623, supra) was decided in 1906, and after that the act found its present place in the Code of 1907. So, from the authorities which I have quoted and from what seems to me to be the necessary effect of the statute, I have spelled out the conclusion that the point taken by the court against the bill in this case cannot be sustained.

It appears from what has been said that appellants are endeavoring to take advantage of their personal defense against a contract which the prevailing opinion concedes to be void as to interest. To my mind that concession confesses the whole case. It is said that it is a just and salutary rule which requires the defense of usury to be invoked before the contract becomes executed by virtue of a valid and regular foreclosure under the power. But the question is whether the foreclosure was valid and regular, and the reason why a rule which operates in favor of a person who has offended against the statute should be pronounced just and salutary is not entirely clear. Of course, I consider the case on the facts alleged in the bill. If the rule of the opinion is just and salutary, at least it must be said that it very seriously impairs the operation of a different rule which the Legislature thought just and salutary. The statute cannot be gainsaid.

The cases? In Irby v. Commercial National Bank the question here presented was expressly pretermitted. Tyler v. Massachusetts Mutual Ins. Co., 108 Ill. 58, is founded upon a state of the law similar to that obtaining in this state prior to the enactment of the present statute on the subject. In Ezell v. Ham, 93 Fed. 759, 35 C. C. A. 584, the mortgaged property had passed into the hands of a person not a party to the mortgage. In that case, written by an Alabama judge, but without reference to the Alabama statute, Mortgage Co. v. Sewell, 92 Ala. 168, 9 South. 143, 13 L. R. A. 299, was cited to the effect that foreclosure under the power of sale given in a mortgage cuts off the equity of redemption as fully as foreclosure by decree of court. Admitted—where there is a debt to foreclose for; but the averment here, made with a view to the present statute, is that there was no debt for which to foreclose. The sale was therefore irregular to a degree. Jones on Mortgages, vol. 1 (7th Ed.) § 646, supports the position here stated, even though it be observed that the text purports to deal with mortgages made void by statute. The effect of section 4623 of our Code, quoted above, makes an usurious contract void as to interest, as the prevailing opinion concedes. Such being the case, I quote Jones:

"If the mortgagee himself buy the property directly or through an agent at the foreclosure sale, it is held that his title may still be impeached for usury in the mortgage. Being a party to the usurious contract, his situation is no better after the foreclosure than it was before."

That has the appearance of a just and salutary rule. Nor need there be any fear that "it might affect most of the securities in the kingdom"; for the question here is between the mortgagor and the mortgagee. My judgment is that as between the parties to the mortgage, foreclosure does not, within two years at least, cut off the right to plead usury. Being in possession, appellants' only need to bestir themselves was to anticipate the title passing out of the mortgagees. In this case that has not happened. What may be the law of a case in which an innocent stranger to an usurious mortgage has purchased at foreclosure sale the court

is not now called upon to say; for this is not that case.

The brief for appellees does take the point that the bill shows no tender. As to that, if the bill is to be deemed a bill to enforce an equity of redemption, the foreclosure having been set aside—and that, in my judgment, is the proper view of the bill—no tender is required. Liddell v. Carson, 122 Ala. 518, 26 South. 133. In that case it was also held that the equity of a bill to set aside a foreclosure and have the foreclosure conveyance canceled as a cloud upon title is not destroyed by a prayer in the alternative that complainant be allowed to redeem by paying any balance found due, which he declares his willingness and readiness to do. If, however, the bill in its alternative aspect be considered as a bill to redeem under the statute, my judgment is that the averment of payment in full · excused a tender. It may be supposed—is suggested—that complainant may avoid a tender or its equivalent in every case by averring payment in full. But the right to file a bill in these alternatives results from the statute of 1907, section 3095 of the Code, which provides that—

"A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on. the same contract or transaction, or relating to * * * the same parties."

No practical harm can result; for, if it should appear that the averment of payment in full is not made in good faith, the court may deal with the cause as equity and good conscience may suggest. At any rate, it cannot in reason be required that a party who in good faith avers that he has paid in full should aver that he has made a tender. That proposition does not appeal to reason. For these reasons I do not think the point taken against the bill in appellees' brief is a good one.

I have also considered other points raised by the demurrer and the briefs; but, in view of the conclusion reached by the majority, there is no need to make a statement concerning them.

THOMAS, J., concurs in the foregoing.