144 So. 808

## ALABAMA CASH CREDIT CORPORATION v. BARTLETT et al.

### 6 Div. 181.

Supreme Court of Alabama.

Oct. 27, 1932.

Rehearing Denied Dec. 15, 1932.

Lange, Simpson & Brantley, of Birmingham, for appellants.

M. B. Grace, of Birmingham, for appellee.

H. M. Cook, of Birmingham, amicus curiæ.

FOSTER, J.

The common-law principle in respect to the recovery of usurious interest after the entire debt has been paid has been often referred to and followed in those states which have adopted the common-law rule that a contract to pay usurious interest is "illegal and void," either in whole or in part. There was held to be in such a situation a kind of constructive duress conclusively presumed, and the ordinary rule that a voluntary payment cannot be recovered by the payer in the absence of fraud, mistake, or duress in fact was in that way made consistent, though there was no duress in fact. Gross v. Coffey, 111 Ala. 468, 20 So. 428; 27 R. C. L. 269, 270; 39 Cyc. 1030; L. R. A. 1918B, 585.

But the right to recover usury never so constructively existed, unless the usury law of the state made the contract illegal and void, as distinguished from a statute which merely prohibited the enforcement of such a contract.

In Gross v. Coffey, supra, this court definitely placed this state among those whose laws merely prohibited the enforcement of the contract, and therefore denied the right of recovery. It·has through all its history been consistent in holding to this settled distinction.

A local law, not now in effect, for Jefferson, Etowah, and Walker counties, in which such usurious contracts were declared void, has on this theory been held to be such as to sustain such an action. Cooledge v. Collum, 211 Ala. 203, 100 So. 143; Bullard Inv. Co. v. Ford, 18 Ala. App. 167, 89 So. 837.

So that the controlling question as affects this case is whether the statute, either directly or by necessary implication, declares such contracts illegal and void, within the contemplation of this principle.

That such contracts as to the interest are void ab initio is declared in McCormick v. Fallier, 223 Ala. 80, 134 So. 471, 475. The court was not there dealing with an executed contract, but the suit was upon a negotiable note, by a holder in due course, and the question was whether the defense of usury was good as to him. It was controlled by the clause in the statute, "Nor shall the borrower * * * at a usurious rate of interest ever in any case in law or equity be required to pay more than the principal sum borrowed." In other respects the statute was substantially as when the court construed it in Gross v. Coffey, supra. It showed an apparent legislative purpose to prevent a judgment for usury in any case, which could have included the suit of a holder in due course as well as of the payee.

While in that case the court reached the conclusion that the contract was in effect declared by statute to be void as to the interest, it was but a method of declaring that the quoted clause permitted the defense of usury against a holder in due course of negotiable paper. The court did not have under consideration the effect of such a technical term upon a contract which had been wholly executed. On the other hand, it referred with approval to Jones v. Meriwether, 203 Ala. 155, 82 So. 185, 186, in which, with reference to the same statute, it was held that "the defense should be invoked before the contract becomes executed by virtue of a valid and regular foreclosure sale under the power." Irby v. Commercial Nat. Bank, 203 Ala. 228, 82 So.·478.

We think it is clear that, if a foreclosure sale cuts off all claim of invalidity in the debt by reason of usury, a payment not under fraud, mistake, or duress in fact should have the same effect. The added words of the statute in terms place a prohibition upon the requirement to pay usury, nothing more. It is therefore more like a limitation·upon an enforced payment at the suit of any person in any nature of proceeding, than a legislative declaration that the contract is in fact illegal and void as denounced at common law.

While the judgment of the circuit court is supported by the language used in McCormick v. Fallier, supra, it was not intended to have that meaning and effect.

We hold to the view so long effective in Alabama, that a suit of this sort is not available under our laws.

The judgment is reversed, and one here rendered for the appellant.

Reversed and rendered.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, BROWN, and KNIGHT, JJ., concur.