153 So. 864

**ALFORD v. SOUTHERN BUILDING &
LOAN ASS'N.**

**7 Div. 219.**

Supreme Court of Alabama.
March 29, 1934.

Motley & Motley, of Gadsden, for appellant.

O. R. Hood and Roger Suttle, both of Gadsden, for appellee.

**FOSTER, Justice.**

This is an action at law for money had and received, begun by appellant.

The claim is shown to be for a surplus of the purchase money of real estate sold under the power contained in a mortgage. Section 10145, subd. 5, Code.

The affirmative charge was given for appellee, on the theory that the sale had the effect of cutting off the right to inquire into certain items which entered into the consideration of the mortgage under such circumstances that there was no surplus if those items were included.

The suit is of course predicated upon the existence and foreclosure of the mortgage, without which no such action could be maintained. So that there was no place for a contention that plaintiff did not execute the mortgage, or that it was not duly foreclosed. Evidence relating to any such issues should not be brought into another trial. But the question, so far as here appears, should be limited to the correct amount of the mortgage debt unpaid at the time of the foreclosure. This involves an inquiry into the legal liability of plaintiff for all the items which form the amount of the consideration as claimed by appellee, and which aggregated the amount of the purchase price at the foreclosure sale.

The effect of the foreclosure of a mortgage is to cut off the equity of redemption, and to extinguish the debt to the amount of the purchase price, if that amount is less than the debt, or to extinguish the entire debt if the purchase price is more than the amount. The cases are cited in Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Harris v. Miller, 71 Ala. 26, 32, 33.

But such foreclosure sale does not amount to a voluntary payment by the mortgagor of the particular items of the mortgage debt, which are controverted. It is only the true and correct amount of the mortgage debt which is thus extinguished by such a hostile sale. That which is no part of the debt when considered in its true legal aspect is not thus paid. That sale is not regarded as constituting a voluntary payment. Hayes v. Woods, 72 Ala. 92, 95.

But it has been held that a foreclosure cuts off the right to claim that the contract was usurious, and that the personal right of the debtor to prevent the recovery of usury granted by statute was, by such foreclosure, curtailed. Jones v. Meriwether, 203 Ala. 155, 82 So. 185.

After foreclosure the mortgagor has the right, when the mortgagee purchased at the sale, to test the true amount of the mortgage debt, as well in a suit for the surplus, Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399; Perry v. Seals, 186 Ala. 514, 65 So. 151; Tompkins v. Drennen, 95 Ala. 463, 10 So. 638, as in one in equity to exercise the statutory right of redemption, Fellows v. Burkett, 219 Ala. 601 (6), 122 So. 808; Hart v. Jackson Street Baptist Church, 224 Ala. 64, 139 So. 88; Bean v. Pearce, 151 Ala. 165, 44 So. 83.

In either form of suit, under those circumstances, the true amount of the mortgage debt is the measure of the rights of the mortgagor, and the legal principles which control the correctness of the items which are claimed as a part of such debt are the same in them both.

Appellant who sued in this action for an alleged surplus is not compelled to resort to the statutory right of redemption to show what was the proper amount due on the mortgage at the time of foreclosure, but has the same right in an action for money had and received in order to establish the existence of a surplus on which to base the action.

414

It was made clear by the charge of the trial judge that his conception of the law was that a foreclosure precludes all inquiry into the legality and correctness of the items claimed to constitute the amount due on the mortgage, except by an exercise of the statutory right of redemption, even though the controversy is between the mortgagor and mortgagee.

But we cannot agree to this. When the suit is between the mortgagor and the mortgagee who has become the purchaser at foreclosure sale, it is true that such sale abridges the right to plead usury, as this court has held, but it has not been held otherwise to affect the right of the mortgagor to inquire into and test by every legal standard the amount of the mortgage debt as claimed by the mortgagee or any part of it. The affirmative charge given on a contrary theory is, in our opinion, error to reverse the judgment.

By the terms of the mortgage, plaintiff was obligated to pay certain charges properly assessed against her in accordance with the rules and by-laws of the association (defendant). Since the association made claim for certain dues, and other charges provided for in the by-laws, it is apparent that, by way of explanation of them, it was proper to introduce the by-laws in evidence. The same situation applies to the written application for membership in the association and the surplus certificate, all as a part of the same transaction. Therefore, assignments of error 1, 2, and 3 are not well taken.

With respect to the fourth, fifth, sixth, and eighth assignments, all we need say is that whether there was a demand for possession of the property after foreclosure, and refusal to surrender it by plaintiff, or that she is still in possession, are not material to the issues in this case, and should not be brought into it on another trial.

That is likewise true in respect to whether she refused to pay rent, the seventh assignment.

We do not mean to say that such evidence was prejudicial, and would work a reversal if error did not otherwise appear. But since there was a tendency of plaintiff's evidence, which impeached certain items of the claim of the association, the allowance of which would determine the right to recover by plaintiff, the affirmative charge was, in our judgment, erroneously given for defendant. For

that error, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.