195 So. 900

### CREW v. PEOPLES TRUST & SAVINGS BANK.

5 Div. 299.

Supreme Court of Alabama.

April 11, 1940.

Rehearing Denied May 23, 1940.

John A. Darden, of Goodwater, and Hill, Hill, Whiting & Rives and Albert J. Pickett, Jr., all of Montgomery, for appellant.

Chas. S. Bentley, of Goodwater, and Pruet & Glass, of Ashland, for appellee.

KNIGHT, Justice.

Bill for an accounting, and redemption.

The case made by the bill, and the evidence offered on submission, discloses numerous transactions, some separate and distinct between the complainant, a customer, and the respondent, a banking institution. The transactions here involved commenced as far back as 1927. During that period of time many dealings were had between the parties, evidenced by numerous loans made the complainant on divers occasions by the respondent, and notes, and renewal notes, executed by the complainant, payments thereon, and numerous interest charges.

The bill charges, in general terms, that in many of the transactions usurious interest was charged and paid, and that after all proper credits are allowed, and all usurious interest deducted, the respondent would be due and owing the complainant a large sum of money, to wit, $2,000.

The bill also charges that the real estate mortgage which had been foreclosed was void, in so far as it purported to convey the homestead of the grantors, for the reason that there was no separate acknowledgment of the wife. It also prayed for cancellation of the same to that extent.

Complainant offers to do equity.

The respondent's answer admits that there, had been many transactions between the parties during the time covered by the bill, and that it interposed no objection to the accounting prayed for in the bill. It specifically denied that any of the transactions were infected with usury, and also denied that the real estate mortgage, as to any of the property conveyed by it, was void for any reason.

On submission for final decree, the court, without a reference to the register, proceeded to determine all questions as to the state of the account between the parties.

The court decreed that the mortgage on the real estate was valid and binding between the parties thereto; that the foreclosure of said mortgage was "regular and legal;" that the sum of $250 was and is a reasonable amount to be allowed as an attorney's fee in the foreclosure proceedings had under the power contained in the instrument, and that the recording fee of $6.05, the advertising fee of $13.06 and an item of $40.38 paid for insurance, making a total of $309.49, were proper charges to be deducted from the amount for which the property was sold at foreclosure. The court further found that the amount bid for the property at foreclosure sale was $2,300, and that after deducting the above-stated items of cost, there remained the sum of $1,990.50 to be applied in liquidation of the mortgage debt, leaving a balance due upon said mortgage debt of $309.49.

The court also found that the complainant was due and owing to respondent the sum of $232.63 on note given respondent by complainant on July 1, 1930; that there was still due and owing to respondent the sum of $346.42 on complainant's note dated June 2nd, 1930; that there was still due and owing by complainant the sum of $284 on note dated June 10, 1931; and that there was still due and owing by complainant the sum of $46.86 on the second note dated June 10, 1931. The entire balance found to be due and owing by complainant to respondent, after the foreclosure of the mortgage, and after charging the respondent with the net proceeds of said sale of the lands, was $1,219.40.

The court also found that the respondent had not "been guilty of collecting, or seeking to collect usurious interest." This we construe to mean that the court found that the transactions were not infected with usury.

It appears from the evidence that the complainant had pledged certain cotton, fifteen bales, to the payment of certain of his indebtedness. It does not appear that this cotton was pledged as security for the payment of the indebtedness secured by the real estate mortgage.

The court found and decreed that the complainant was entitled to redeem the land and the cotton by the payment to the respondent of the sum of $3,519.40 (made by the addition of the above balance of $1,219.40 and the mortgage debt of $2,300), "together with all storage and insurance charges upon said cotton, which had been paid by respondent since the cotton had been in its possession to the date of this decree." The decree further provided that if redemption was not had within 30 days, the register was ordered to sell said cotton "at the highest market price" and the amount realized from the sale to be applied to the payment of the $1,219.40, the amount ascertained to be due and owing by complainant to respondent, being the balance due on the real estate mortgage debt, after the foreclosure, and on the above-mentioned four notes.

618

The principles of law applicable to this case are well understood, and we deem it wholly unnecessary to restate the same.

Upon a careful examination of the evidence, we find ourselves in full accord with the trial court in its decree holding the real estate mortgage, executed February 5th, 1929, to secure a recited indebtedness of $2,700, was duly and legally executed by the complainant and his wife, and that the contention that there was no separate acknowledgment by the wife is not supported by the evidence. The notary's evidence, given orally before the court, on the question is full, clear and convincing, and shows that the separate acknowledgment of the wife, appearing on the instrument, speaks the truth.

 We are also in full accord with the trial court that there was a balance due and unpaid of $2,300 on the principal of said mortgage indebtedness at the time it was foreclosed. But we are not in accord with the lower court in holding that said mortgage debt was not infected with usury. The evidence shows, conclusively, to the contrary. The testimony of Mr. Porter, a witness for the respondent bank, shows that for the forbearance of the collection of a debt of $2,500 for a period of about nine months the respondent purposely charged $200 interest, and this usurious interest was included in the note and mortgage. However, the mortgage, at the time the bill was filed, had been validly foreclosed, and the contract had thus become executed. The fact that usurious interest was charged cannot invalidate the sale. First National Bank of Opp v. Boles, 231 Ala. 473, 165 So. 586; Jones v. Meriwether et al., 203 Ala. 155, 82 So. 185; Alford v. Southern Bldg. & Loan Ass'n, 228 Ala. 412, 153 So. 864; Alabama Cash Credit Corp. v. Bartlett, 225 Ala. 641, 144 So. 808; Dewberry et al. v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

 It is settled by our decisions that usury cannot be set up to show payment or satisfaction of a mortgage debt by proceedings instituted subsequent to a regular and valid foreclosure, the statute not making usurious instruments void except only as to interest. Code 1923, § 8567, as amended by Gen.Acts 1931, p. 783. If there was in fact a balance due thereon, after a valid foreclosure of the mortgage, all questions of usury would, and must be, eliminated, and this is true in cases where the mortgagee becomes the purchaser, if so authorized in the mortgage; no rights of innocent third parties being involved. Dewberry et al. v. Bank of Standing Rock, supra; Jones v. Meriwether, supra.

So, then, as to the land mortgage, there having been a regular and valid foreclosure, all questions as to usury in the mortgage debt are eliminated. Confessedly, the principal of the indebtedness secured by said mortgage was $2,300.

The court, in arriving at the amount due on said mortgage at the time of the foreclosure, excluded as a matter of fact the item of interest, $200, and treated the mortgage as only securing the principal of said indebtedness.

 The evidence fully supports the conclusion and finding of the trial court that there was due respondent $2,300 on the principal of said mortgage indebtedness at the time of the foreclosure. In this finding there was no error of which the complainant can make just complaint. The court properly allowed the attorney's fee of $250 in the matter of foreclosing said mortgage. The mortgage and the note each provided for an attorney's fee. Likewise the court was authorized to tax against the complainant the item of insurance and cost of advertisement, but we find no authority for taxing the cost of the recordation fee against the complainant. This item amounted to $6.05, and must be deducted from the $309.49 found by the court to be still due and unpaid on said mortgage indebtedness, leaving the amount due, as of the date of the decree on said debt of $303.44.

We are also in agreement with the trial court, in its finding as to the amounts still due and owing by the complainant to respondent on the notes executed July 1, 1930, June 2, 1930, June 10, 1931, and the note executed on the last-named date for $33. These notes are designated in the decree as respondent's Exhibits 16, 18, 19 and 20.

While the transactions between the parties run through and cover a number of years, and are numerous, yet the appellant in brief has pointed out only about five instances in which he insists there was usury charged. We concede that in four of the five instances as to usury or excess interest charges, the appellant is correct.

 A careful analysis of the evidence, however, shows that the court, in reaching

his conclusion and making his findings, as to the amount due on the above-mentioned notes, excluded any usurious interest carried into said notes, and gave the complainant proper credit for all payments made on the principal of said notes. Certainly, as to the notes dated June 10, 1931, no question could arise as to the amount received by complainant on said notes, and certainly it cannot be insisted that the said notes were infected with usurious interest.

The decree of the court ascertaining and finding that there was an aggregate balance due of $909.91 on the notes dated, respectively, July 1, 1930 (respondent's Exhibit 16), June 2, 1930 (respondent's Exhibit · 18), and 'the two notes dated June 10, 1931 (respondent's Exhibits 19 and 20), is, in our opinion correct, and in this particular the said decree is due to be affirmed. It is so ordered.

The decree of the court finding and holding that there remained, after the sale of the land, a balance due on the real estate mortgage debt (respondent's Exhibit 11) of $309.49 must be corrected by deducting from said amount the charge for recording, viz, $6.05, leaving the true balance $303.44 on said mortgage debt. As corrected, the decree in this respect is due to be and is affirmed.

■ However, we are not in accord with the trial court in holding that the complainant, in order to effect redemption, must redeem both the land and the cotton by the payment of the entire amount found and decreed to be due respondent. The complainant should have been allowed to redeem the real estate by the payment of the amount of the purchase price (which was the full amount of the debt) and the attorney's fee of $250, the insurance item and cost of advertisement, with interest from date of the decree. Likewise, if he desired to redeem the cotton, he should have been allowed to do so, upon the payment of the said $909.91, for payment of which said cotton was pledged, with interest thereon from date of the decree, and also by paying storage or warehouse charges, and insurance paid by respondent on the cotton since it was pledged to respondent.

The real estate mortgage was a different transaction from the other matters for which the cotton was pledged.

The evidence does not support appellant's contention that he did not receive full credit for all cotton sold to respondent, nor does it in our opinion support appellant's contention that he should have been allowed credit for any cotton alleged to have been sold to respondent in April, 1930, at sixteen cents per pound.

It is our conclusion appellant was allowed every credit to which the evidence shows he was entitled.

Before concluding this opinion, we deem it necessary to state, less the conclusions here reached may give rise to confusion in the future, that the complainant's right to redeem the property has not been questioned by the appellee. Appellee, rather, concedes that appellant has the right to redeem the property—lands and cotton—but he insists that to do so, he should be required to redeem all the property by the payment of the entire amount found to be due the respondent, this, notwithstanding the fact that the land mortgage and the cotton involved different and distinct transactions. Conceding complainant's right to redeem the properties, he may exercise this right in the mode and manner heretofore pointed out.

As corrected, the decree of the circuit court is due to be affirmed. It is so ordered.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

### On Rehearing.

PER CURIAM.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.