200 So. 612

**LOVELADY v. PLUNKETT.**

**6 Div. 755.**

Supreme Court of Alabama.

Feb. 27, 1941.

St. John & St. John, of Cullman, for appellant.

W. E. James and Herman J. Stewart, both of Cullman, for appellee.

616

FOSTER, Justice.

The question here primarily is the priority of appellant's mortgage given by one Patterson over that given by him to appellee.

The bill in equity was filed by appellant and as amended is in two aspects. It first seeks a declaratory judgment as to whether her mortgage takes precedence over that of appellee; and in the event it is found to be subordinate, that the foreclosure of the mortgage of appellee be set aside, and that she be permitted to exercise the equity of redemption; as amended, the bill does not seek to enforce the statutory right. The grounds on which it is sought to set aside the foreclosure are fraud, oppression and inequitable conduct of appellee in that connection, and excessive amount of the debt claimed.

The court found and decreed that appellant's mortgage was subordinate to that of appellee, and that the foreclosure was not due to be vacated as sought, and denied further relief.

The ground on which appellant relies in support of her claim of priority is that her mortgage was taken and fully executed prior to that of appellee, and that though it was not recorded prior to the execution of the latter mortgage, appellee had notice of it before he took his. Appellant's mortgage was executed April 12, 1928, and filed for record February 15, 1930. Appellee's mortgage was executed November 9, 1929, while it was recorded November 12, 1929; that fact is not here material.

The material question immediately considered, in whether appellee had notice of appellant's mortgage when he took his. Of course this does not mean actual knowledge. If he was informed of the existence of' such a claim at the time of or before he took his mortgage, it was his duty to inquire of appellant and not rely solely on the record. There is no contention as to this legal duty. But the controversy relates to the question of whether he was so informed.

The only evidence to support appellant's claim is that of her son and of herself. Her son testified that in 1934, he had a conversation with appellee in which the latter said that he had heard of appellant's claim, that Patterson (the mortgagor) told him she had a mortgage, but he examined the records and none was recorded, and so he made the deal. Appellant testified that not so long before appellee foreclosed his mortgage (shown to have been February 22, 1937), appellee mentioned to her about paying off her mortgage, but when told that it was several hundred dollars, he refused to do so. That in the latter part of 1935, or spring of 1936, she had a conversation with him at Bailey's store, north of the postoffice, in Cullman, in which he told her that he examined the record and found no mortgage, and if he could get his on record first that his would be first and her's was no account.

Appellee testified that he had a conversation with her before he foreclosed his mortgage, and did tell her that if it was for just $200 or $300 he would take it up rather than have trouble, but would not pay $800 or $900, which she told him Patterson owed her. That he also had a conversation with her at Bailey's, in which she told him Mr. St. John advised her to buy his mortgage but she was not able to do so, but he said nothing about getting his on record first; she then asked him to release some of the land so she could have a first mortgage on some of it. This last statement was not denied by her. Appellee testified that he had no such conversation with appellant's son as he testified; that he first learned

of her mortgage in 1931, when he was told that it was on record. That he had a conversation with her on creek hill about a mile from appellant's home. In it she said she was to blame; that she took the mortgage and laid it in her trunk and forgot to have it recorded until she heard of appellant's mortgage.

Appellee also proved that most of the consideration of his mortgage went to pay off two prior recorded mortgages which had precedence over that of appellant, and sought by a cross-bill to secure the equity of subrogation in event his mortgage was held to be inferior to that of appellant. But under the ruling of the court, it was not necessary to consider that claim.

■ The burden was on appellant to prove that appellee had notice, actual or constructive, of her mortgage, since appellee proved that he made a loan of money at or about the time of the execution of his mortgage. Georgia Loan & Trust Co. v. Butler, 214 Ala. 390, 107 So. 863.

■ We concur in the finding of the judge of the trial court that appellant has not met that burden to our reasonable satisfaction. This result is to hold, as did the trial court, that appellant's mortgage does not take precedence over that of appellee.

That brings us to the alternative relief sought by appellant, viz., to vacate the foreclosure of appellee's mortgage and to permit a redemption by her. There is no contention that the foreclosure proceedings were not conducted as authorized by the power of sale in the mortgage. But it is insisted that the sale was voidable, because of its unfairness to her; that he did not furnish her, as he promised, a statement of his debt, but proceeded at once to foreclose by posting notice of the sale (not alleged to have been contrary to the terms of the power) for thirty days; that he bid in the property at the sale (being authorized to become the purchaser) at $4,325.06, by including in the computation of his debt interest on interest to the amount of about $100, and an unreasonably large attorney's fee, as the result of collusion between appellee, Patterson and the foreclosing attorneys, to run the mortgage debt to an unjust and unreasonable amount.

There is no contention that the purchase price of $4,325.06 is so inadequate as to show fraud. Frahn v. National Realty Co.,

236 Ala. 681, 185 So. 162; 14 Ala.Dig., Mortgages, page 745, ⊜369(3). On the contrary, the evidence rather shows that the land was hardly worth that much.

■ The fact that appellant had been negotiating with appellee to redeem the land did not impute fraud to him in proceeding with the foreclosure, there being no agreement not to do so, nor any effort to mislead her or take any advantage of her except as to the amount claimed to be due him. Pruett v. Commercial Nat. Bank of Anniston, 230 Ala. 225, 160 So. 540.

■ The fact that after the foreclosure and in response to the written notice of appellant, appellee furnished her with an itemized statement of his debt and lawful charges, which constitute the amount of the purchase price, though the amount may be excessive, cannot serve to show fraud and oppression for the purpose of vacating the sale, so as to exercise the equity of redemption. The notice was given and response made probably as a prelude to an exercise of the statutory right. Section 10144, Code. But such right is not sought. An excessive claim of indebtedness by the mortgagee thereby used to fix the amount of the purchase price at the foreclosure sale by him serves to confer certain rights entirely apart from that of avoiding the sale. Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399; Alford v. So. B. & L. Ass'n, 228 Ala. 412, 153 So. 864; Pruett v. First National Bank of Anniston, 229 Ala. 441, 157 So. 846; Bryson v. Watson, 230 Ala. 221, 160 So. 532; Hamilton v. Burgess, 233 Ala. 4, 170 So. 348.

There is nothing in any aspect of this contention, nor in its combined effect, to justify an avoidance by appellant of the foreclosure so as to permit her to exercise the equity of redemption.

■ It is not material whether or not the fee charged by the attorneys for foreclosing the mortgage and defending this suit, and securing possession of the land after foreclosure, was a reasonable and proper charge under the terms of the mortgage and notes secured by it. If it is not a proper charge, the remedy here sought is not available. This applies also to any computation of interest not authorized by the contract, except that usury agreed to be paid as a part of the mortgage debt cannot be recovered after foreclosure on the basis of this principle. Crew v. Peoples

618

Trust & Savings Bank, 239 Ala. 615, 195 So. 900; Alabama Cash Credit Corp. v. Bartlett, 225 Ala. 641, 144 So. 808.

The decree of the trial court was free from error in our opinion.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.