17 So.2d 145

### HARRIS v. BRADFORD.

### 8 Div. 254.

Supreme Court of Alabama.

Feb. 24, 1944.

Rehearing Denied March 23, 1944.

S. A. Lynne, of Decatur, for appellant.

R. L. Almon, of Moulton, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to the bill of complaint as amended. The allegations of the bill show in substance the following:

On December 30, 1920, A. I. Bradford (complainant and appellee) was the owner and in possession of certain lands in Lawrence County, Alabama; on or about that date he executed to J. W. Harris a mortgage on these lands to secure an indebtedness of $720. At the time of the execution of the mortgage, J. W. Harris, the mortgagee, exacted of complainant usurious interest (10%), which, in order to save some of his property, complainant agreed to pay and did pay in an amount equal to or in excess of $720, the amount of the mortgage indebtedness. It is alleged that such payments being usurious should be credited as payments on the principal so as to pay the mortgage indebtedness in full prior to the attempted foreclosure.

On August 6, 1942, after the death of J. W. Harris on February 5, 1941, Lucy B. Harris, who individually and as administratrix of the estate of J. W. Harris, deceased, is the appellant here, undertook, as said administratrix, to foreclose the aforesaid mortgage and gave notice of the foreclosure sale. On August 22, 1942, the lands embraced in the mortgage, which were in three separate and distinct parcels, being described in the mortgage by government numbers, was sold at the foreclosure sale en masse for $887.15, which was greatly less than the fair cash market value of the property. Lucy B. Harris, individually, was the purchaser and made a conveyance to herself of the property. The bill alleges that the mortgage was not foreclosed by anyone in authority in a regular and valid manner, that E. B. Harris was on the 23rd day of November, 1942,

appointed as Administrator of the estate of J. W. Harris, deceased, and has qualified and is acting as such.

When later appellee learned of the foreclosure sale, he made demand in writing for an itemized statement of all lawful charges against the land and the amount necessary to redeem. The demand was sent to appellant, individually and as administratrix, by registered mail, who received the demand as shown by her return receipt. The information called for by the demand was not furnished appellee. Complainant, however, in the bill offers to do equity and alleges that he is willing, able and ready to pay any sum, if any, due on the lands.

The bill further alleges that complainant is the owner in fee simple of the lands, is in peaceable possession of the lands, that Lucy B. Harris, individually and in her representative capacity, claims or is reputed to claim some right, title, interest in or encumbrance upon the lands and calls upon her to set forth and specify her title, claim, interest in or encumbrance upon the lands and how and by what instrument the same was derived or created.

Analysis of the bill shows that it has three phases: (1) The bill is brought by one in possession of the lands for the purpose of cancelling as clouds on the title the mortgage and the foreclosure deed on the theory that the indebtedness secured by the mortgage was paid prior to the foreclosure, which is irregular and invalid because made by one who had no authority to foreclose. (2) The bill seeks to set aside as irregular and invalid the foreclosure sale on the ground that the lands were sold en masse with resultant great loss and prays to be allowed to exercise the equity of redemption. (3) In the event the foreclosure is valid, the bill seeks redemption from the foreclosure by exercise of the statutory right of redemption.

■ It should be noted at the outset that both the first and second phases of the bill are predicated on an irregular and invalid foreclosure. This is necessary because, if the foreclosure was regular and valid, all questions of usury would be eliminated. A long line of decisions in this state uphold this principle.

"However, the mortgage, at the time the bill was filed, had been validly foreclosed, and the contract had thus become executed. The fact that usurious interest

437

was charged cannot invalidate the sale. First National Bank of Opp v. Boles, 231 Ala. 473, 165 So. 586; Jones v. Meriwether et al., 203 Ala. 155, 82 So. 185; Alford v. Southern Bldg. & Loan Ass'n, 228 Ala. 412, 153 So. 864; Alabama Cash Credit Corp. v. Bartlett, 225 Ala. 641, 144 So. 808; Dewberry et al. v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

"It is settled by our decisions that usury cannot be set up to show payment or satisfaction of a mortgage debt by proceedings instituted subsequent to a regular and valid foreclosure, the statute not making usurious instruments void except only as to interest. Code 1923, § 8567, as amended by Gen.Acts 1931, p. 783 [Code 1940, Tit. 9, § 65]. If there was in fact a balance due thereon, after a valid foreclosure of the mortgage, all questions of usury would, and must be, eliminated, * * *." Crew v. Peoples Trust & Savings Bank, 239 Ala. 615, 195 So. 900, 902. See also Lovelady v. Plunkett, 240 Ala. 615, 200 So. 612, 614.

■ Appellant contends that the bill is defective because it fails to describe the mortgage. The mortgage was not attached as an exhibit to the bill. But the bill does not seek to avoid the attempted foreclosure because of violation of any particular provision of the mortgage, but on the broad grounds that the indebtedness secured by the mortgage had been paid prior to the attempted foreclosure which had been made by one not in authority, and that sale of the lands en masse had resulted in great loss. The bill describes the mortgagor and mortgagee, the lands embraced in the mortgage, the debt secured by the mortgage and the rate of interest. The bill was not defective in this regard.

■ It is insisted that the bill is wanting in equity because it did not contain an offer to pay whatever amount may be ascertained, determined and adjudged to be due and owing on the mortgage. But the bill avers that "complainant hereby offers to do equity and is willing, able and ready to pay any sum, if any, due on the land." This is a sufficient compliance with requirements as to this feature of the bill.

■ In the alternative the bill prays for redemption from foreclosure and it is argued that there was no allegation showing tender of the purchase price and other lawful charges. However, the bill alleges demand for a statement of the debt and lawful charges and failure to furnish such statement. This relieved complainant of the need of making tender. § 731, Title 7, Code of 1940; Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662.

■■ The bill is criticized because with reference to the sale en masse of the lands, it is not alleged that the lands had been laid out in parcels, for separate and distinct enjoyment. The idea is that the allegations of the bill do not meet in this respect the requirements as set forth in Dozier v. Farrior et al., 187 Ala. 181, 65 So. 364. But the bill does allege that the lands comprise three separate and distinct parcels, which we judicially know to be true from the description of the lands, which is by governmental subdivisions. Lee v. Macon County Bank, supra. And the bill further alleges that the lands were not offered for sale in parcels, but en masse, and sold for an amount greatly less than its fair cash market value. There is no ground of demurrer which raises the objection here discussed. The absence of apt demurrer is sufficient to sustain the ruling of the lower court in this regard.

■ It is contended that the bill is multifarious. But even though the bill may seek alternative or inconsistent relief, all relief sought grows out of the same subject matter, or is founded on the same contract or transaction or relates to the same property between the same parties. The bill is not multifarious. Equity Rule 15, Title 7, Appendix, page 1055, Code of Alabama 1940. See also Jarrett v. Hagedorn, 237 Ala. 66, 185 So. 401.

■ Finally, it is urged that the phase of the bill which seeks to exercise the statutory right of redemption is defective because it does not allege delivery of possession to the purchaser. This position is well taken. There is no allegation of delivery of possession to the purchaser or an excuse for not making such delivery.

"The holder of both the mortgages was the purchaser at such foreclosure sale. It must therefore be treated as an effort to exercise the statutory right of redemption under the foreclosure of the second mortgage. It does not allege a delivery of possession to the purchaser, nor that the complainants were not themselves in possession, nor that no written demand was made for its possession, nor other excuse for not delivering possession to such purchaser.

Section 10143, Code [Code 1940, Tit. 7, § 730]; Stocks v. Young, 67 Ala. 341; Baker v. Burdeshaw, 132 Ala. 166, 31 So. 497; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719. It is therefore defective in this respect as a bill to exercise the statutory right of redemption." Hart v. Jackson St. Baptist Church of Birmingham, 224 Ala. 64, 139 So. 88, 89.

For the error pointed out above, the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.