20 So.2d 857

**HARRIS v. BRADFORD.**

8 Div. 298.

Supreme Court of Alabama.

Feb. 1, 1945.

Rehearing Denied March 1, 1945.

R. L. Almon, of Moulton, for appellee.

S. A. Lynne, of Decatur, for appellant.

THOMAS, Justice.

This appeal is from a decree overruling demurrer to the bill as amended after reversal by this court. Harris v. Bradford, 245 Ala. 434, 17 So.2d 145.

On the first appeal the bill was not sustained as to its substantial equity as an irregular foreclosure or as a bill to exercise the statutory right of redemption. Hence Code 1940, Tit. 7, § 756, and the decisions thereunder are without application. Shields v. Hightower, 216 Ala. 224, 112 So. 834; First Nat. Bank of Opp v. Wise, 238 Ala. 686, 193 So. 131; Alexander v. Landers, 230 Ala. 167, 160 So. 342; Thomasson v. Benson Hardware Co., 224 Ala.

460

11, 138 So. 287, where the substantial equities as here presented were not upheld; Thomas v. Skeggs, 218 Ala. 562, 119 So. 610, where additional relief was sought by amendment by way of quieting complainant's title; Brasher v. Grayson, 219 Ala. 631, 122 So. 881, an appeal from decree overruling demurrers to cross bill, challenging former opinion on appeal from interlocutory decree appointing receiver at instance of cross-complainant, as to right of cross-complainant to reimburse as therein declared, must be dismissed, since appeal was within inhibition of section 756, Tit. 7, Code 1940.

We will, therefore, consider the demurrer on the bill as last amended. The wife of mortgagor is a proper, though not a necessary, party where the husband is seeking redemption. Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463. She has this right to preserve her quarantine rights. The demurrer directed to the phase of the bill for nonjoinder of the wife is not well taken.

The bill as last amended was in compliance with the former decision as to the requirements of such pleading for the statutory right of redemption. Harris v. Bradford, 245 Ala. 434, 17 So.2d 145. The demurrer directed to this phase of the bill is not well taken.

The bill seeking to set aside as irregular and invalid the foreclosure sale, on the ground that the land was sold en masse with resultant great loss, and praying to exercise the equity of redemption, was subject to the demurrer, in the failure to point out and describe the mortgage embracing the tracts of land indicated.

It was noted in the former opinion that "both the first and second phases of the bill are predicated on an irregular and invalid foreclosure," and "This is necessary because, if the foreclosure was regular and valid, all questions of usury would be eliminated." The sixteenth, and other grounds of demurrer, directed to the failure of the bill to correctly describe the several tracts of land sold en masse and embraced in the mortgage, were well taken.

It follows that the decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.