93 So.2d 787

**R. L. FAUST**

v.

**Hugh PARAMORE et al.**

4 Div. 891.

Supreme Court of Alabama.

Dec. 21, 1956.

Rehearing Denied March 21, 1957.

W. R. Martin, Ozark, for appellant.

Brown & Steagall, Ozark, for appellees.

SIMPSON, Justice.

This is an appeal from a decree, in equity, overruling a demurrer to a bill to exercise complainant's statutory right of redemption of real estate.

The mortgage, covering about 647 acres of land situated in Dale County, was executed on April 28, 1952. On February 1, 1954, the mortgagee foreclosed the mortgage and sold the land at public outcry under the powers and terms of the mortgage. The appellant, a stranger to the mortgage, became the purchaser of the lands at the foreclosure sale.

■ This appeal presents two pleading problems as to the sufficiency of the bill. The first pertains to the absence of an allegation in the bill that the mortgagor relinquished possession of the land. A bill to enforce the statutory right of redemption from a mortgage foreclosure must allege, that within ten days after the sale, possession of the premises was surrendered to the purchaser, or must allege some legal excuse for not delivering possession. Rudder v. Parton, 246 Ala. 55, 18 So.2d 705; Moseley v. Ritter, 226 Ala. 673, 148 So. 139; Henderson v. Hambrick, 129 Ala. 596, 29 So. 923; Title 7, § 730, Code of 1940.

■ But an allegation in the bill that no written demand was made by the purchaser is sufficient excuse for not alleging that possession was given by the mortgagor within ten days of the sale. Harris v. Bradford, 246 Ala. 457, 20 So.2d 857; Harris v. Bradford, 245 Ala. 434, 17 So. 2d 145; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719.

Paragraph 8 of the instant bill says:

"Complainants aver that the respondent, R. L. Faust, purchaser at the foreclosure sale made no written or other statutory demand for possession of said premises."

This was a sufficient allegation to show excuse for not alleging that possession was given by the mortgagor within ten days of the sale.

■ The second proposition raised and argued is that the bill does not show a tender of an amount sufficient to redeem. Our cases hold that a bill to redeem must aver tender of the amount required to redeem prior to the filing of the bill or show a valid excuse for failure to do so. Lavretta v. Hammel Dry Goods Co., 243 Ala. 34, 8 So.2d 264; Hudson v. Morton, 231 Ala. 392, 165 So. 227; Francis v. White, 160 Ala. 523, 49 So. 334. The instant bill avers tender of the amount required in the following language:

"* * * since said receipt of said statement hereto attached as Exhibit B by complainants from R. L. Faust, the complainants have on numerous occasions tendered to said R. L. Faust the amount claimed by said respondent as shown in said statement and although the complainant, Hugh Paramore, has been to the respondent numerous times and talked to the respondent in person and tendered him the said amount claimed and requested him to accept said sum, together with any additional interest and legal charges, the respondent R. L. Faust has refused after such tender and de-

mand to accept such tender or to allow complainants to redeem the property described hereinabove and said respondent continues to fail or refuse to convey this said property to complainant after tender and demand therefor."

The above was a sufficient averment in the bill that tender was made. The complainants complied with § 734, Title 7 of the Code by paying into court the amount claimed by respondent, and offering to pay any additional lawful charges that may have accrued.

■ Furthermore, the record shows—if we have interpreted it correctly—that a tender by the mortgagor as a condition precedent to the filing of a bill in equity to redeem from the mortgage foreclosure sale, was excused by the purchaser of the land by his failure to comply with the statute. Title 7, § 731, Alabama Code of 1940, requires:

"* * * such purchaser or vendee shall, within ten days after such written demand, furnish such person making the demand with *a written itemized statement of the debt and all lawful* charges claimed by him, * * *." (Emphasis supplied.)

■ The statement furnished to the mortgagor by the purchaser in the case sub judice, as it appears in the record, says at the end:

"Statement hereinabove is exclusive of property purchased but not delivered."

The statute requires "a written itemized statement of the debt and all lawful charges claimed by him" and the statement furnished by the purchaser seems to indicate that it did not include "all lawful charges claimed." This court, in Durr Drug Co. v. Acree, 241 Ala. 391, at page 395, 2 So.2d 903, at page 906, observed that "An insufficient response to a demand under section 10144, Code of 1923, Code of 1940,

Tit. 7, § 731, relieves the redemptioner from making tender otherwise necessary."

The bill was not subject to the asserted defects.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.

## On Rehearing

Appellant in this application takes us to task for not discussing on original deliverance his argument that the bill was defective as against his grounds of demurrer, for failure to allege who, complainant or respondent, was in possession of the land sought to be redeemed. We did not treat this point because it was wholly without merit, but due to counsel's earnest insistence, we will respond now although we do not think it will contribute much to the jurisprudence of this State.

The bill by implication indicates the complainant is in possession, but that is beside the point. Our research has failed to disclose any authority, and appellant has cited none to sustain his position. The requisite possessionary allegations in such a bill to redeem were adequately treated in the original opinion, *supra*.

■ Section 727, Title 7, Code of 1940, gives to certain enumerated persons the right to redeem real estate sold by mortgage foreclosure. Section 730 provides that for one to retain the right under the statute to redeem, he must deliver possession to the purchaser within ten days after written demand therefor. However, if there is an excuse for non-delivery or else no demand has been made, then the right of redemption is not destroyed. The provisions of Chapter 15, Title 7, in no way indicate that as a condition precedent to the right of redemption the bill must allege who is in possession. If the bill alleges one of the following: (1) delivery of possession as required by § 730, or (2) no written demand for possession, or (3) an excuse

for not delivering possession, it is good as regards the possessionary allegations.

For additional cases see Hart v. Jackson St. Baptist Church, 224 Ala. 64, 139 So. 88; Stocks v. Young, 67 Ala. 341; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Booth v. Mason, 234 Ala. 601, 176 So. 201.

The other points argued are not deemed worthy of comment other than as appears in the original opinion.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.