ADAMS, Justice.
Plaintiff, Jean Miller, appeals from the Calhoun County Circuit Court’s judgment in favor of défendant, asserting that the court erred when it found that plaintiff had forfeited her right to redeem certain property located in Calhoun County.
The evidence is undisputed that plaintiff stopped making payments on the mortgage she had with Local Mortgage Company. As a result, on May 27, 1983, the property which was the subject of this mortgage was sold at a foreclosure sale to defendant, General Sales Company, for approximately $9,700.00.
On May 29, 1983, defendant delivered a written notice to plaintiff which demanded that she turn over possession of the property to defendant within ten days, pursuant to § 6-5-233(a), Code of Alabama 1975. There was evidence presented, and the trial court found, that plaintiff took no apparent action to surrender the property to defendant. Rather, plaintiff went by the property almost daily to “keep tabs on it,” and did not turn over the keys to the house to defendant, even though she claimed that she had not lived in the house for several years. Moreover, on or about June 14, 1983, during the time that defendant was attempting to repair the house, plaintiff locked all the doors and posted a sign on the front door which read: “No trespassing, and anybody that trespasses will be prosecuted. Jean Miller.” Jimmy Lecroy, an employee of defendant, testified that on one of the trees near the house there was a wooden sign which read: “Posted, keep out. Jean Miller.” Lecroy further testified that he saw plaintiff at the house two or three times a week, that she picked up her mail there, and that she did this until February of 1984.
In February of 1984, there were several letters between plaintiff and defendant concerning the debt and all lawful charges necessary for the plaintiff to pay in order to redeem the property. Plaintiff did not make a tender of the amount specified by defendant, but instead filed suit on March 4, 1984, claiming that defendant had failed to comply with statutory requirements by submitting a list which included exaggerated and illegal items.
The trial court, sitting without a jury, found that plaintiff had forfeited her right to redemption, giving two reasons:
1. That plaintiff Jean S. Miller exercised dominion, control and possession over the subject property after written demand of the defendant on May 27, *700 1983, for a period of time in excess of the statutory ten (10) day period; and
2. That plaintiff Jean S. Miller made no tender of payment to defendant within one (1) year of the date of foreclosure sale on May 27, 1983.
Plaintiff contends that the trial court erred in both respects, and seeks a reversal of its judgment. We disagree, and hold that the judgment is due to be affirmed.
Section 6-5-233 of the Code of Alabama, 1975, states:
(a) The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within 10 days after written demand for the possession has been made by the purchaser, vendee or his agent.
[[Image here]]
(c) Failure of the debtor or anyone holding under him to comply with the provisions of this section forfeits the right of redemption.
The court, in its order, found that plaintiff did not take any action to surrender possession of the property to defendant within the statutorily prescribed ten-day period. Instead, plaintiff posted “no trespassing” signs, retained the keys to the house after locking all the doors, and visited the house almost daily for a period of nearly a year after she was to have relinquished possession of the property.
When a trial court, sitting without a jury, makes findings of fact based upon evidence presented ore tenus, those findings will not be disturbed on appeal unless they are clearly erroneous or palpably wrong. Thompson v. Hartford Accident & Indemnity Co., 460 So.2d 1264 (Ala.1984). We are of the opinion that the court did not so err in this case regarding the above-mentioned findings of fact.
The trial court’s judgment is further supported by our holding in Faust v. Paramore, 266 Ala. 9, 93 So.2d 787 (1957), wherein we stated:
A bill to enforce the statutory right of redemption from a mortgage foreclosure must allege, that within ten days after the sale, possession of the premises was surrendered to the purchaser, or must allege some legal excuse for not delivering possession. [Citations omitted.]
266 Ala. at 10, 93 So.2d at 788.
Plaintiff, in the instant case, has failed to allege that possession of the property was surrendered to defendant within ten days of receipt of defendant’s demand for such. Since plaintiff has also failed to allege any legal excuse for not delivering the property, her complaint contains a fatal flaw, and she, therefore, forfeits her right of redemption.
In order for plaintiff to succeed on appeal, this Court would have to find that the trial court erred with respect to both of its conclusions. Inasmuch as we have herein-above held in favor of defendant regarding the first of these issues, we pretermit discussion of plaintiff’s other assertion of error on the part of the trial court. For the above-stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.